IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA


EMIL W. POTOCZNY                :    CIVIL ACTION
                                :
     v.                         :
                                :
NATIONSTAR MORTGAGE, LLC,       :
et al.                          :    NO. 13-3848


                                MEMORANDUM

McLaughlin, J.                                       February 24, 2015

         This action arises from a mortgage foreclosure proceeding filed in state court by Aurora Loan Services, LLC ("ALS"), against the now-deceased former plaintiff, Emil Potoczny, with regard to Potoczny's property in Darby, Pennsylvania.  Mr. Potoczny now brings claims against Nationstar Mortgage, LLC ("Nationstar") and Phelan Hallinan & Schmieg, LLP ("PHS") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. §§ 2270.1-2270.6, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201-1 to 201-9.3.  The defendants each filed a motion for summary judgment, and the plaintiff filed a cross-motion for summary judgment.  The Court grants the defendants' motions and denies the plaintiff's motion.

         Mr. Potoczny originally brought claims against ALS, ALS's parent company Aurora Bank FSB (collectively, "Aurora"),

and PHS.  Potoczny v. Aurora Loan Services, 12-1251.  After Nationstar was voluntarily substituted for Aurora as the plaintiff in the underlying state foreclosure action, Mr. Potoczny sought to amend his Aurora pleadings to add Nationstar as a defendant, to add additional claims under the FDCPA and FCEUA, and to add new factual allegations regarding the "securitization" of his loan.  The Court denied leave to amend, holding that the proposed amendments would be futile, and that the parties would be subject to undue prejudice if the Court permitted the filing of an amended complaint after the conclusion of discovery and the filing of several dispositive motions.

Mr. Potoczny then filed this action against Nationstar and PHS, bringing claims that are substantially the same as those in the Aurora action, based on substantially the same factual allegations.  The Nationstar complaint also includes the additional claims, allegations, and arguments Mr. Potoczny sought to include in the amended complaint he was not permitted to file in Aurora.

On July 22, 2014, the Court denied Mr. Potoczny's motion for summary judgment and granted the defendants' cross-motions for summary judgment on all the claims in Aurora.  On August 15, 2014, the Court granted in part and denied in part the defendants' motions to dismiss in this case.  The Court

granted the motions in part based on the doctrine of collateral estoppel, holding that the same issues had already been decided in Aurora.

The only claims remaining after the Court's decision on the motions to dismiss are those based on Nationstar's alleged lack of standing to foreclose the mortgage. In Aurora, the Court held that a "note securing a mortgage is a negotiable instrument under Pennsylvania's Uniform Commercial Code, and that the possessor of an endorsed-in-blank note is entitled to enforce it, regardless of doubts about the chain of possession or the status of the possessor as a holder of the note." Aug. 15, 2014 Order (Docket No. 18) (citing Aurora Mem. Op. 24-28).

The Court allowed the claims based on Nationstar's alleged lack of standing to foreclose to go forward because it could not determine, at that stage of the proceedings, whether Nationstar had possession of the note. The Court ordered the parties to conduct limited discovery regarding Nationstar's possession of the note.

Unfortunately, Mr. Potoczny passed away during discovery. Kim Potoczny, Mr. Potoczny's widow and executrix of his estate, filed an unopposed motion to be substituted as the plaintiff in this action in place of Mr. Potoczny. The Court granted this motion on December 10, 2014.

After discovery, there is no dispute among the parties that Nationstar had physical possession of the note as early as July 2012.  Richardson Dep. 14:9-17:4.  Nationstar was not substituted as the plaintiff in the foreclosure action until December 2012; it had possession of the note before initiating foreclosure proceedings and therefore has standing to enforce the note.

The plaintiff argues that although Nationstar has physical possession of the note, it does not have legal possession of the note.  Rather, the plaintiff argues that Nationstar has possession of the note in a custodial capacity only, and that Nationstar holds the note on behalf of the securitization trust which owns the note.  The plaintiff has not cited any cases that stand for the proposition that a mortgage servicer that holds a note in a "custodial capacity" for another entity does not have legal possession of the note.

Furthermore, Nationstar would still have standing to foreclose as a mortgage servicer even if the plaintiff is correct that Nationstar does not have "legal possession" of the note.  In In re Alcide, 450 B.R. 526, 537–39 (Bankr. E.D. Pa. 2011), a bankruptcy court held that a mortgage servicer, which was not the holder of the note, could not bring a foreclosure action because there was no evidence that the servicer had the

4

authority to bring foreclosure actions under the servicing agreement.  The court noted, however, that a

> servicer may nonetheless be a party in interest . . . if the servicer is acting within the scope of its authority as the mortgage holder's agent.  Whether it has such authority depends on the content of the servicing agreement between the mortgage holder and the servicer.  That agreement may or may not be broad enough in scope as to delegate to the servicer the authority to initiate and manage foreclosure litigation on the mortgage holder's behalf.

<u>Id.</u> at 538 (footnote omitted).

In this case, the Trust Agreement gives Nationstar "full power and authority . . . to effectuate foreclosure or other conversion of the ownership of the Mortgaged Property securing any Mortgage Loan . . . ."  Pl.'s Mot. Ex. Nationstar-5 at § 9.04(a).  Nationstar therefore has the authority to foreclose on loans on behalf of the securitization trustee.

Nationstar has standing to enforce the note, either by its physical possession of the note or its authority to enforce the note under the servicing agreement.  The only claims remaining in this action are based on Nationstar's alleged lack of authority to bring the foreclosure action.  Because Nationstar has standing to enforce the note, the defendants' motions for summary judgment are granted and the plaintiff's motion is denied.

An appropriate order shall issue.

6